01

02

03

04

05                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
06                                    AT SEATTLE

07  IAN PATRICK MEYER,                    )    CASE NO. C09-0926-MJP-MAT
                                          )
08          Plaintiff,                    )
                                          )
09          v.                            )    ORDER ADOPTING THE
                                          )    MAGISTRATE JUDGE'S REPORT
10  MICHAEL J. ASTRUE, Commissioner,      )    AND RECOMMENDATION
    Social Security Administration        )
11                                        )
            Defendant.                    )
12  _____ )

13          This matter is before the Court on Plaintiff's timely objections (Dkt. No. 19) to the

14  Magistrate Judge's Report and Recommendation ("R&R") (Dkt. No. 18).   After reviewing the

15  objections, the R&R, relevant rulings, declarations, and exhibits, the Court ADOPTS the R&R,

16  and AFFIRMS the administrative law judge's ("ALJ") decision denying benefits.

17                                  **I.   Background**

18          Plaintiff appeals an adverse supplemental security income ("SSI") and disability

19  insurance benefits ("DIB") determination by the Social Security Administration ("SSA").   The

20  facts of this case are stated in the R&R.   The Magistrate Judge recommends that the SSA's

21  determination be affirmed.   (Dkt. No. 18 at 1.)   Plaintiff filed objections to the R&R.   (Dkt.

22

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION
PAGE -1

01   No. 19.)  Defendant's response was untimely and stricken.  (Dkt. No. 24.)

02                          **II.   Plaintiff's Objections**

03              Plaintiff offers six objections to the Magistrate Judge's recommendation to affirm the

04   ALJ's ruling, none of which has merit.   First, he argues that the ALJ failed to properly develop

05   the record by incorrectly relying on medical expert Dr. Lindberg's opinion, and that the R&R

06   engages in an improper post hoc rationalization of the ALJ's decision.   Second, he claims that

07   the ALJ did not properly consider treating physician Dr. Abbott's opinion.   Third, he disagrees

08   with the ALJ's rejection of treating physician Dr. Morris' opinion.   Fourth, he objects to the

09   ALJ's rejection of lay witness testimony from his mother and partner.   Fifth, he claims that the

10   ALJ failed to properly assess the medical equivalency of his disabilities to a listed impairment.

11   Sixth, Plaintiff argues that the ALJ incorrectly relied on published guidelines, rather than a

12   vocational expert, in assessing his employability and disability.

13          **A. ALJ's Reliance on Dr. Lindberg's Expert Opinion**

14              Plaintiff objects to the R&R's alleged "post hoc rationalization of the ALJ's decision"

15   to make a determination without fully developing the record.   (Dkt. No. 19 at 2.)   He contends

16   the ALJ failed to develop the record by relying on medical expert Dr. Lindberg's expert

17   opinion, which he alleges was formed without review of the entire record.   (Id.)   However, the

18   ALJ did not fail in this duty, and the R&R does not improperly engage in post hoc

19   rationalization.

20                      **i. ALJ's Duty to Develop the Record**

21              Plaintiff's assertion that the ALJ failed to develop the record is unfounded.

22

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION
PAGE -2

01      The Commissioner has the responsibility to "make every reasonable effort" to obtain

02   the claimant's "complete medical history" for at least the twelve month period preceding the

03   month in which the application was filed.   20 C.F.R. §§ 404.1512(d) and 416.912(d).   In this

04   context, "complete medical history" means treatment records for the twelve months prior to the

05   claim's filing, or in the alternative, the twelve months preceding the month in which the

06   claimant was last insured by DIB.   20 C.F.R. §§ 404.1512(d)(1), 416.912(d)(1) (2000).

07      The ALJ held the record open post-hearing for Plaintiff to submit more evidence.   (See

08   R. at 29.)   The record does not indicate whether the ALJ had Dr. Lindberg review this

09   additional evidence or ever had a duty to compel him to do so.   Nonetheless, Plaintiff argues

10   that the ALJ did not fully develop the record.   (Dkt. No. 19 at 2-3.)   The R&R correctly notes

11   that although the ALJ had no duty to accept or review additional evidence, the ALJ permitted

12   and considered it anyway.   (Dkt. No. 18 at 7-8; R. at 29-30.)   Though Plaintiff implies that Dr.

13   Lindberg should have been compelled to review the evidence, Plaintiff never states why this

14   was required.

15      There is no evidence that the ALJ failed to comply with her duty to develop the record.

16                    **ii. The R&R's Alleged Post Hoc Rationalization of the ALJ's Decision**

17      Plaintiff also asserts that the R&R improperly engages in post hoc rationalization of the

18   ALJ's decision.   (Dkt. No. 19 at 2-3.)   This argument lacks merit.

19      In SSI/DIB cases, the claimant has the responsibility to prove that he is disabled, and

20   bears the burden of bringing any evidence of disablement to the ALJ's attention prior to

21   decision.   20 C.F.R. §§ 404.1512(a),(c) and 416.912(a),(c).   Once an administrative body has

22

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION
PAGE -3

01  made a decision, post hoc appellate rationalization of that decision is prohibited.   SEC v.

02  Chenery Corp., 332 U.S. 194, 196 (1947).

03        Plaintiff asserts that the additional medical evidence he supplied after the administrative

04  hearing was not inspected by Dr. Lindberg, yet the ALJ used Dr. Lindberg's opinion as the

05  main basis for the denial.   Plaintiff argues that while the R&R cites 20 C.F.R. §§ 404.1512(a)

06  and (c), 416.912(a)(c) as a rationale for the ALJ's consideration, the ALJ herself never cited to

07  those regulations.   Although the ALJ did not cite to the pertinent regulations, she took actions

08  consistent with them.   By holding the record open after the hearing, commenting that she

09  "[didn't] know what the new records are going to show," and questioning whether the

10  additional evidence would require a new hearing, she was leaving the burden to Plaintiff to

11  show her why the additional evidence was important.   (R. at 1272.)   Since there was no

12  additional hearing, Plaintiff presumably failed to meet this burden.   The R&R relies on the

13  same rationale for dismissal as set forth by the ALJ.

14        **B. ALJ's Evaluation of Dr. Abbott's Opinion**

15        Plaintiff argues that the ALJ failed to give the opinion of treating physician Dr. Travis

16  Abbott proper weight, and that the R&R erroneously dismisses this error as harmless.   (Dkt.

17  No. 19 at 4-5.)   These arguments are unpersuasive.

18        Determination of a claimant's residual functional capacity for work ("RFC") is the

19  province of the Commissioner, and by extension, the ALJ; other parties' analysis of a

20  claimant's RFC is not given special significance, even if the opinion originates from a treating

21  source.   20 C.F.R. §§ 404.1527(e)(1-3), 416.927(e)(1-3).

22

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION
PAGE -4

01          Dr. Abbott determined Plaintiff to be physically limited to work requiring light to

02   medium exertion, and that his mental health issues might further limit his employability.   (R. at

03   561-62.)   As the R&R notes, the ALJ incorrectly dismissed Dr. Abbott's opinion as originating

04   solely from a co-authoring nurse practitioner.   (R. at 559-62; Dkt. No. 18 at 11.)   However,

05   the R&R correctly concludes that this error was harmless because the opinion itself was Dr.

06   Abbott's assessment of Plaintiff's RFC, and not a medical opinion.   (Dkt. No. 18 at 11-12.)

07   The R&R is also correct that even with the ALJ's erroneous treatment of Dr. Abbott's opinion,

08   she independently determined that Plaintiff was limited to sedentary work.   (Id. at 12 (citing R.

09   at 31-32).)   For both reasons, the ALJ's incorrect attribution of Dr. Abbott's opinion was

10   harmless error.

11          **C.   ALJ's Rejection of Dr. Morris' Opinion**

12          Plaintiff objects to the rejection of the opinion of Dr. Kevin Morris, a psychologist that

13   examined him on April 12, 2006.   (Dkt. No. 19 at 5-6.)   This objection is groundless.

14          The ALJ rejected Dr. Morris' testimony because his opinion was based on Plaintiff's

15   report that his drug addiction was in sustained full remission, which the ALJ found to be not

16   credible.   (R. at 37.) The R&R accepts the ALJ's rationale, citing several instances of

17   Plaintiff's continued drug use.   (Dkt. No. 18 at 12.)   Plaintiff complains that these cites of

18   drug use are all after April 12, 2006 and the ALJ did not rely on them in rejecting Dr. Morris'

19   opinion.   (Dkt. No. 19 at 6.)   Further, he claims that Plaintiff was "in a period of treatment and

20   remission" at the time that Dr. Morris wrote his evaluation.

21          The ALJ noted that Dr. Morris' opinion may have been written on Plaintiff's insistence,

22

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION
PAGE -5

01   and could not be credited because it "depart[ed] substantially from the rest of the evidence of

02   record." (R. at 37.) Though the Plaintiff is correct that the R&R only cites instances of

03   relapse after the April 12, 2006 date, the ALJ noted several instances of drug abuse and

04   noncompliance before and after that date to demonstrate Plaintiff's ongoing drug use. (R. at

05   33.) The ALJ also cited evidence undermining Plaintiff's credibility regarding his own drug

06   habits. Since it is undisputed that Dr. Morris' opinion was based on Plaintiff's own claim of

07   remission, Dr. Morris' opinion was correctly rejected by the ALJ.

08            **D.  ALJ's Evaluation of Lay Witness Evidence**

09            Plaintiff argues that the ALJ incorrectly rejected the lay testimony from his mother and

10   partner describing his disabilities and functional problems. (Dkt. No. 19 at 7-8.) His

11   assertion is unsupported by the record.

12            Lay witness testimony is competent evidence if it pertains to a claimant's impairments

13   or their effects. <u>Van Nguyen v. Chater</u>, 100 F.3d 1462, 1467 (9th Cir. 1996). ALJs may

14   reject lay testimony only if they provide reasons germane to each witness. <u>Lewis v. Apfel</u>, 236

15   F.3d 503, 511 (9th Cir. 2001). Inconsistency with the record is a reason to reject the testimony.

16   <u>Regennitter v. Comm'r of the Soc. Sec. Admin.</u>, 166 F.3d 1294, 1298 (9th Cir. 1999). ALJs

17   may also reject lay testimony if it contradicts objective medical evidence. <u>Id.</u> However, lay

18   testimony may not be rejected solely on the basis of familial relationship. <u>Id.</u>

19            Plaintiff's argument that the ALJ rejected the lay testimony on the basis of familial

20   relationship lacks merit. Plaintiff agreed to pay both his mother and partner up to $5,000 in

21   exchange for their testimony upon the approval of his disability claim. (R. at 1056.) The ALJ

22

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION
PAGE -6

01 rejected both lay witness's testimony because of the evidence of their financial interest in

02 Plaintiff's claims, not because of familial affiliation. (R. at 34.) The ALJ also rejected the

03 testimony because it contradicted objective medical evidence. (R. at 34-35.) The R&R

04 correctly accepts both rationales; it concluded that the ALJ properly rejected the lay testimony

05 based on reasons germane to each witness. (Dkt. No. 18 at 13-14.)

06       Plaintiff's case differs from <u>Howard v. Astrue</u>, 2009 WL 385441, at *4 (C.D. Cal. Feb.

07 17, 2009) because, unlike in <u>Howard</u>, Plaintiff promised to pay the lay witnesses for their

08 testimony. The court in <u>Howard</u> held that merely "ha[ving] a financial interest in the outcome

09 of the case is . . . not a sufficient reason to reject the statements [of lay witnesses.]" <u>Id.</u>

10 Plaintiff attempts to analogize his situation with that of <u>Howard</u>. (Dkt. No. 19 at 7.)

11 However, this argument was correctly rejected by the R&R: "[t]his is not a situation where the

12 ALJ impermissibly presumed bias from the mere fact of a familial relationship." (Dkt. No. 18

13 at 14.) In <u>Howard</u>, the lay testimony was incorrectly rejected by the ALJ because the witness

14 was his live-in grandmother and caretaker, and, as a result, may have had a financial interest in

15 the outcome. By contrast, Plaintiff owed his mother and significant other a substantial sum of

16 money, and promised that he would pay them back if his claims were successful. (R. at 1056.)

17 They expected to be reimbursed; the witness in <u>Howard</u> did not. <u>Howard</u> is distinguishable,

18 and Plaintiff's claims to the contrary are without merit.

19       Plaintiff also argues that the ALJ rejected the evidence because the ALJ concluded that

20 the lay testimony "minimiz[ed] his drug use." (Dkt. No. 19 at 8.) Yet, Plaintiff relies on

21 testimony from his mother that his drug use was decreasing. (<u>Id.</u> (citing R. at 185, 196).) The

22

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION
PAGE -7

01 ALJ did not simply reject the lay witness testimony because it discounted Plaintiff's drug

02 abuse.   The ALJ's opinion contrasted the witness' testimony regarding Plaintiff's drug use

03 with the remainder of the record to demonstrate that it was materially inconsistent.   (R. at

04 34-35.)

05     The R&R correctly affirms the ALJ's decision regarding lay witness evidence.

06     **E.   The ALJ's Step Three Analysis**

07     Plaintiff does not disagree with the R&R's recommendation on the ALJ's step three

08 analysis; his objection to the R&R's assessment is difficult to comprehend.

09     At step three of the five-step SSI and DIB determination, ALJs must consider whether a

10 claimant's combination of impairments is medically equal to a listed requirement.   Lester v.

11 Chater, 81 F.3d 821, 829 (9th Cir. 1995).   The listed requirements for HIV infection require a

12 "finding of marked limitation of either activities of daily living, maintenance of social

13 functioning, or ability to complete tasks in a timely manner due to deficiencies in

14 concentration/persistence, or pace."   20 C.F.R. § 404 subpt. P app. 1 § 14.08(K)(1-3) (2000).

15     The R&R concludes that the ALJ failed to consider whether Plaintiff's combination of

16 impairments was medically equal to the listed requirements for HIV infection.   (Dkt. No. 18 at

17 15-16.)   However, it found the error harmless because the ALJ had properly determined that

18 none of Plaintiff's impairments were marked based on testimony from Dr. Lindberg.   (Dkt.

19 No. 18 at 16.)   Thus, regardless of the ALJ's error in assessing the listing requirements, the

20 ALJ established that the Plaintiff could not have met the listing requirements anyway.   (Id.)

21     Plaintiff explains why the ALJ failed to properly consider Plaintiff's combination of

22

01  impairments in light of the § 14.08(K) listing requirements.  (Dkt. No. 19 at 8-10.)  However,

02  the R&R already reaches the same conclusion.  Plaintiff's only objection to the R&R's finding

03  of harmless error is the naked assertion that Dr. Lindberg "clearly . . . was referring to Plaintiff's

04  mental health issues, and not an analysis under § 14.08K (sic)."  (Id. at 10.)  Nothing else in

05  his objections or in the record supports this assertion.  The R&R is correct in finding the ALJ's

06  error harmless.

07  **F.  The ALJ's Step Four and Five Analysis**

08  Plaintiff argues that his HIV/AIDS-related physical limitations were severe enough to

09  have been considered as part of his RFC at step four of the disability determination, and that its

10  failure to be included in the step four analysis affected the ALJ's step five analysis.  This

11  argument is unpersuasive.

12  Step five requires the Commissioner and ALJ to show that the claimant can perform

13  other jobs existing in the national economy.  Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir.

14  2001).  The showing can be made through the testimony of a vocational expert or by reference

15  to the Medical Vocational Guidelines, 20 C.F.R. § 404 subpt. P app. 2 ("Grid").  These

16  guidelines may be used only when they "completely and accurately represent the claimant's

17  limitations."  Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999); Reddick v. Chater, 157

18  F.3d 715, 725, 729 (9th Cir. 1998).  Otherwise, a vocational expert must be used.  Reddick,

19  157 F.3d at 729.  Since the Grid does not consider non-exertional limitations, the ALJ has the

20  burden to determine whether the claimant's non-exertional impairments are severe enough to

21  preclude their use.  Tackett, 180 F.3d at 1102; Reddick, 157 F.3d at 729.  Only significant and

22

01  sufficiently severe non-exertional limitations are enough to preclude the use of the Grid;

02  depression and anxiety are not enough.   Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir.

03  2007).

04        The R&R correctly upholds the ALJ's determination that Plaintiff's RFC allowed him

05  to perform the full range of sedentary work.   In spite of Plaintiff's contrary argument in his

06  opening brief to the magistrate judge, the ALJ properly used the Grid to find him not disabled

07  because his depression and anxiety were insufficient to warrant the use of a vocational expert.

08        However, in his objection to the R&R, Plaintiff asserts that the ALJ also failed to

09  include his HIV/AIDS-related limitations, such as fatigue and diarrhea.   This argument did not

10  appear in either his opening brief or his reply brief, and he provides no factual support for the

11  claim.   The record shows that the ALJ considered Plaintiff's HIV/AIDS-related non-exertional

12  limitations in determining Plaintiff's RFC and found them to be insufficient to preclude the

13  application of the Grid.   The ALJ found that Plaintiff's "allegations regarding his capability to

14  perform activities of daily living and work-related activities are out of proportion to any

15  physical findings and without clinical or laboratory findings." (R. at 33.)   This includes his

16  allegations of HIV/AIDS-related limitations, including fatigue. (R. at 38.)

17        Plaintiff does not support his claim that the ALJ failed to consider his

18  HIV/AIDS-related impediments during her RFC determination.   The R&R's correctly accepts

19  the ALJ's step four and five analysis.

20                              **III. Conclusion**

21        Plaintiff's objections to the R&R fail to show any critical flaws.   The Court ADOPTS

22

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION
PAGE -10

01 | the R&R and AFFIRMS the ALJ's decision.

02 |       The Clerk is ordered to send copies of this Order to all counsel and to the Magistrate

03 | Judge.

04 |       DATED this 12th day of August, 2010.

05 |

06 |

07 |                Marsha J. Pechman
               United States District Judge

08 |

09 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION
PAGE -11